SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(Sean_Kennedy@fd.org)
JOHN LITTRELL (No. 221601)
Deputy Federal Public Defenders
(John_Littrell@fd.org)
Office of the Federal Public Defender
321 East Second Street
Los Angeles, California 90012
Telephone (213) 894-5310
Facsimile (213) 894-0081

Attorneys for Defendant
PAUL ANTHONY CIANCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ANTHONY CIANCIA,<br><br>Defendant. | Case No. 13-MJ-2894<br><br>REPLY TO GOVERNMENT'S OPPOSITION TO EX PARTE APPLICATION TO PROVISIONALLY APPOINT COUNSEL |

  The Office of the Federal Public Defender hereby submits this memorandum of points and authorities in response to the government's opposition to his application for an Order appointing the Office of the Federal Public Defender to provisionally represent PAUL ANTHONY CIANCIA.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government made the decision to file a formal complaint against Mr. Ciancia and take him into custody, yet now it seeks to prevent appointment of counsel for him.  In its opposition to the Federal Public Defender's application for provisional appointment, the United States Attorney's Office sets forth no reason grounded in fairness or public safety that Mr. Ciancia should be denied access to counsel at this critical stage.  It ignores this district's Criminal Justice Act ("CJA") plan's principal objective, which "is to attain equality before the law for all persons."  General Order No. 13-09 (filed Sept. 17, 2013), Section II. A. 1.  General Order No. 13-09 provides that eligible persons should be appointed counsel "as soon as feasible after they are taken into custody."  Id. at Section IV.B.  The government further ignores the significant constitutional questions that would be presented if Mr. Ciancia were held in custody, without access to counsel, despite this request.

**I.      THE CJA PLAN REQUIRES APPOINTMENT OF COUNSEL AS SOON AS FEASIBLE FOLLOWING ARREST**

18 U.S.C. § 3006A provides that each United States District Court must place in operation a "plan for furnishing representation for any person financially unable to obtain adequate representation . . . ."  18 U.S.C. § 3006A(a).  That plan must, at minimum, provide representation for any financially eligible person who is

1.      charged with a felony;

2.      under arrest, when such representation is required by law; and

3.      entitled to appointment of counsel under the sixth amendment to the Constitution.

See 18 U.S.C. § 3006A(a)(1)(A), (D), (H).  This district has implemented a plan consistent with the CJA.  See  General Order No. 13-09.

The government notes that the CJA requires that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge . . . ."  18 U.S.C. § 3006A(b).  It argues that this suggests that the "right to representation pursuant to the Act begins at

the initial appearance."  Gov. Opp. at 4.  But General Order No. 13-09, which represents *this district's* implementation of the CJA, requires more.  Under the heading "Timely Appointment of Counsel" the local CJA plan provides that

> Counsel shall be provided to eligible persons *as soon as feasible after they are taken into custody*, when they appear before a district judge or magistrate judge, when they are formally charged or notified of charges if formal charges are sealed, or when a district judge or magistrate judge otherwise considers appointment of counsel appropriate under the CJA, *whichever occurs earliest.*

General Order No. 13-09 at IV. B. (emphasis added).  Further, General Order 13-06, which addresses procedures for appointing counsel to hospitalized defendants, provides for prompt appointment of counsel in these circumstances:

> Upon notification, and if appropriate, a magistrate judge shall promptly appoint the office of the Federal Public Defender to appoint the defendant, for the purposes of ensuring compliance with Rule 5 of the Rules of Criminal Procedure and this Order.
>
> . . .
>
> The exigent circumstances and the medical condition of the defendant may not permit a full inquiry into the financial eligibility of the defendant for the appointment of a CJA panel attorney at the time of appointment.

General Order No. 13-06 (August 1, 2013).

The government notes that a number of judges in the Southern District of New York (SDNY) have denied requests for appointment of counsel for defendants who had not yet made their initial appearance.  See Gov. Opp. at 5.  But those cases are distinguishable.  First, each of the defendants at issue in those cases were not in custody in the district or even the country at the time the request was made.  Second, the orders do not reflect that those courts considered the "as soon as feasible after a person is taken into custody" clause of the district's CJA plan.  Third, SDNY's plan differs from the plan in this district.  SDNY's plan simply cites to 18 U.S.C. § 3006A

and incorporates by reference the guidelines promulgated by the Administrative Office of the Courts.  See SDNY CJA Plan.[1]  While General Order No. 13-09 also tracks the language of § 3006A, unlike the SDNY plan, it provides a catchall provision that representation must be provided when "otherwise provided by law."  See General Order No. 13-09 at IV. A. 1. k.

Mr. Ciancia has clearly been taken into custody in this case.  A complaint has been filed and accepted by the magistrate judge which provisionally authorized that arrest.  Under our CJA plan, he is entitled to appointment of counsel upon being charged with a felony.  General Order No. 13-09 at Section IV. A. 1. a.  Black's Law Dictionary (9th ed.) defines a complaint as "a formal charge accusing a person of an offense."  Black's Law Dictionary (9th ed. 2009).  See also Fed. R. Crim. P. 3 ("the complaint is a written statement of the essential facts constituting the *offense charged*") (emphasis added).[2]

Mr. Ciancia has a number of rights that attach merely by virtue of his being under arrest and in custody on suspicion of having committed a federal crime:

1.    The right to be taken "without unnecessary delay before a magistrate judge . . . ."  Fed. R. Crim. P. R. 5(a)(1), and the corresponding doctrine that the government should not use delays in presenting the defendant before the magistrate in order to question the defendant.  See Corley v. United States, 556 U.S. 303 (2009).

2.    The due process right not to be questioned during a time when he is too ill or injured to consent to such questioning.  See Reck v. Pate, 367 U.S. 433 (1961)

3.    The right, under Miranda v. Arizona, to be advised of the right to consult with counsel prior to any questioning, and the right to have counsel present during any questioning, see Miranda v. Arizona, 384 U.S. 436 (1966), and the corresponding

---

[1] http://www.nysd.uscourts.gov/file/forms/current-criminal-justice-act-plan.

[2] In this district, courts routinely appoint counsel to individual at the complaint stage of their cases in addition to subjects and targets of investigations.  See also Kirby v. Illinois, 406 U.S. 682, 689 (1972) (identifying "formal charge" as a point at which adversarial proceedings begin as distinct from indictment, information, or arraignment).

requirement that any waiver of that right be knowing and voluntary.

Once he becomes conscious (if he is not already), Mr. Ciancia will be required to make vital decisions as to whether or not to waive his right to remain silent, to have an attorney appointed prior to being questioned, and to have an attorney present during any questioning.  It seems beyond dispute that he will be in a better position to make informed decisions if he has the advice of counsel.  For these reasons, Mr. Ciancia qualifies for immediate appointment of counsel under the CJA and General Order No. 13-09.  He is "under arrest" and "such representation is required by law." "The right to counsel during preindictment custodial interrogation is settled law. This right includes appointed counsel if the suspect is indigent."  Jett v. Castaneda, 578 F.2d 842, 844 (9th Cir. 1978) (internal citations omitted)(holding that appointment of counsel prior to initial appearance was proper and consistent with the Criminal Justice Act).  At a minimum, it is feasible to appoint counsel for Mr. Ciancia now, and the local CJA plan requires it.

The government's opposition makes clear that giving Mr. Ciancia advice about his rights is precisely the result it wishes to prevent.  The government argues that appointing counsel would "prevent the government from questioning Ciancia, as he would then be a represented party."  Gov. Opp. at 6.  "Significantly," the government argues, "this would also preclude the government from questioning Ciancia, pursuant to the recognized public-safety [sic] exception to the Miranda rule, on the possible existence of co-conspirators, organizational support for his actions, and other violent plots about which Ciancia could have knowledge."  This is simply untrue.  Mr. Ciancia is free to exercise his right to speak to the government, if he wishes, whether or not counsel is appointed.  The only effect of appointing counsel is to allow him to make a more informed choice about whether to exercise his rights.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD CONDUCT A HEARING

If the Court is not inclined to grant our request for counsel based on the pleadings filed to date, the FPDO respectfully requests that a court hearing be set for

1   further argument regarding Mr. Ciancia's current right to appointment of counsel.

2   And in the event that such a hearing is set, the FPDO respectfully requests a Court

3   Order precluding the government and its agents from interviewing Mr. Ciancia prior

4   to the Court's adjudication of this matter.

5

6                                                          Respectfully submitted,

7                                                          SEAN K. KENNEDY
                                                           Federal Public Defender

8

9   DATED:        November 4, 2013        By  _/s/ John Littrell_____
                                                           JOHN LITTRELL
10                                                         Deputy Federal Public Defender

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28